# EXHIBIT A

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __1984CV01256__

Nikita Printemps _____, PLAINTIFF(S),

v.

Whole Foods Market Group Inc __, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO __Whole Foods Market Group Inc__ . (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __SUFFOLK__ Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, __SUFFOLK__ Court, Three Pemberton Square Boston, MA 02108 (address), by mail or in person, AND

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: __1818 Market Street, Suite 2000, Philadelphia PA 19103__

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically request a jury trial** in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20\_\_\_\_.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20\_\_\_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20\_\_\_  Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

5-15-19

A TRUE COPY ATTEST

*[signature]*

Special  Process Server & Disinterested Person

*Modify*

# Commonwealth of Massachusetts

| | |
|---|---|
| SUFFOLK COUNTY, SS. | SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT |
| Nikita Printemps | CIVIL PROCESS 19-1256 B |
| | May 7, 2019 |
| Plaintiff, | Motion allowed |
| v. | (Wilkens, J.) Jane M. Mahon |
| | MOTION FOR APPOINTMENT OF Asst. Clerk |
| Whole Foods Market Group, Inc. | SPECIAL PROCESS SERVER |
| Notice sent 5/09/2019 K. D. S. & S., P.C. | UNDER RULE 4C |
| Defendants | |

(sc) The plaintiff moves pursuant to Rule 4C of the Massachusetts Rules of Civil Procedure that this Court appoint DewSnap & Associates, LLC and HeavenSent Legal Services and/or any of his employees or servants as process server in this matter, qualified and knowledgeable persons in the service of all court process, including but not limited to any and all service of process. The undersigned swears that to the best of their knowledge and belief, the person to be appointed is eighteen years of age or over and is not a party in this case.

By its Attorney: _____

Kevin Donovan, Esquire
114 State Street, 4th Floor
Boston, MA 02109
857-233-0559
BBO #687899

### ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVER

This action came on for hearing before the Court, _____, presiding upon Plaintiff's Motion for Appointment of a Person to Serve Process, and thereupon, consideration thereof, it is Ordered and Adjudged that: DewSnap & Associates, LLC and HeavenSent Legal Services, and/or any of his employees or servants are appointed Special Process Server for the express purpose of serving any and all service of process in this action pursuant to Rule 4C of the Massachusetts Rules of Civil Procedure.

Dated: _____   By: _____

Title: _____

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1984CV01256 B | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Nikita Printemps vs. Whole Ffods Market Group Inc | | Michael Joseph Donovan, Clerk of Court |
| TO: | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/22/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 08/20/2019 | |
| All motions under MRCP 12, 19, and 20 | 08/20/2019 | 09/19/2019 | 10/21/2019 |
| All motions under MRCP 15 | 08/20/2019 | 09/19/2019 | 10/21/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 02/18/2020 | | |
| All motions under MRCP 56 | 03/17/2020 | 04/16/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/14/2020 |
| Case shall be resolved and judgment shall issue by | | | 04/21/2021 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 04/22/2019 | ASSISTANT CLERK Christine M Hayes | PHONE (617)788-8141 |
|---|---|---|

Date/Time Printed: 04-22-2019 14:08:43      SCV026\ 08/2018

[Superior Court / Joseph Dept. stamp, upside down]

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Nikita Printemps <br> ADDRESS: 26 Florida Street, Dorchester, MA 02124 | DEFENDANT(S): Whole Foods Market Group, Inc | COUNTY: Suffolk |
| ATTORNEY: Simon & Simon, PC <br> ADDRESS: 114 State Street, 4th Floor, Boston MA 02109 | ADDRESS: 250 Forest St Marlborough, MA 01752 | |
| BBO | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Slip and Fall | F | ☒ YES ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................ $ 2,543.00
2. Total doctor expenses ........................................................ $
3. Total chiropractic expenses ................................................. $ 5,026.40
4. Total physical therapy expenses ........................................... $
5. Total other expenses (describe below) ................................... $ Subtotal (A): $ 7,569.40

B. Documented lost wages and compensation to date ............................ $
C. Documented property damages to dated ............................................ $ 25,000.00+
D. Reasonably anticipated future medical and hospital expenses ............ $
E. Reasonably anticipated lost wages .................................................. $
F. Other documented items of damages (describe below) ...................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Left side, Left elbow, hips, Left shoulder, back

TOTAL (A-F): $ 32,569.40

RECEIVED APR 22 2019 SUPERIOR COURT-CIVIL MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Plaintiff was inside of the grocery store when she slipped and fell on liquid on the floor. The client believes it was soup as she fell near the hot prepared food area. There were no wet floor signs in the area.

TOTAL: $ 32,569.40

Signature of Attorney/Pro Se Plaintiff: X                Date: 4/15/19

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                Date: 4-15-19

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c.231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical / Wrongful Death | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death, G.L. c.229 §2A | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Real Property

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| Code | Description | Track |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| Code | Description | Track |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c.249 §4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 | Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E94 | Forfeiture, G.L. c285 §55 | (X) |
| E95 | Forfeiture, G.L. c.94C §47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| Code | Description | Track |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 | SDP Petition, G.L. c. 123A §9(b) | (X) |

### RC Restricted Civil Actions

| Code | Description | Track |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112 §12S | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT
                                                          CIVIL ACTION
                                                          NO.:

Nikita Printemps
26 Florida Street
Dorchester, MA 02124                                      COMPLAINT

                   Plaintiff

vs.                                                       And

                                                       JURY TRIAL DEMANDED

Whole Foods Market Group, Inc.
250 Forest Street
Marlborough, MA 01752

                   Defendant

RECEIVED
APR 2 2 2019
SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

## COMPLAINT

## PARTIES

1. Plaintiff, Nikita Printemps, is an adult individual and resident of the Commonwealth of Massachusetts, residing at the address listed in the above caption

2. Defendant, Whole Foods Market Group, Inc., is a business entity registered to do business in the Commonwealth of Massachusetts, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 181 Cambridge Street, Boston, MA 02114.

## FACTS

3. At all relevant times, Defendant was acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at 181 Cambridge Street, Boston, MA 02114, referred to hereinafter as "the premises."

4. On or about June 13, 2018, at approximately 12:18 p.m., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendant's premises.

5. At all times relevant hereto, Defendant, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

6. On or about June 13, 2018, while on Defendant's premises, Plaintiff was caused to slip and fall on a substance that was on the floor, causing serious and permanent personal injuries on account of which this action is brought.

7. At or about the same date, time and place in question, and for some period of time prior thereto, Defendant, acting individually, jointly and/or by and through their agents, servants,

franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

8. The negligence of Defendant consisted of, <u>inter alia</u>, the following:
   a. Failure to remove the liquid substance from the floor;
   b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;
   c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;
   d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;
   e. Failure to comply with Commonwealth of Massachusetts building codes, county and city laws, ordinances and regulations pertaining to the design, construction and maintenance of the aforementioned premises;
   f. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;
   g. Failure to provide adequate safeguards to prevent the injury to Plaintiff;
   h. Failure to exercise the proper care, custody and control over the aforesaid premises.

9. Defendant had actual or constructive knowledge of the presence of the substance which caused Plaintiff's fall and consequent injuries and damages.

10. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including side, elbow, hip, shoulder and back injuries, all to Plaintiff's great loss and detriment.

11. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

12. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

13. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

14. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Nikita Printemps, demands judgment in Plaintiff's favor and against Defendant, Whole Foods Market Group, Inc., plus interest and costs and such other and further relief as this Court deems meet and just.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Dated: 1-15-19

PLAINTIFF
By her attorneys,

SIMON & SIMON, P.C.

BY: _____
Brian George, Esquire
BBO# 652215
Kevin Donovan, Esquire
BBO# 687899
Amal Bala, Esquire
BBO# 690418
Nicole Nixon, Esquire
BBO# 688255

SIMON & SIMON, P.C.
Attorneys for Plaintiff
114 State Street, 4th Floor
Boston, MA 02109
857-233-0559
briangeorge@gosimon.com
kevindonovan@gosimon.com
amalbala@gosimon.com
nicolenixon@gosimon.com